UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

PATRICK LACEY AND SONNI STEWART                                                    PLAINTIFFS

V.                                                                           CIVIL ACTION NO. 3:09CV693 DPJ-FKB

LEDIC MANAGEMENT GROUP, LLC
D/B/A SOUTHBROOK GARDENS APARTMENTS                                 DEFENDANT

ORDER

This premises liability action is before the Court on motion of Defendants for summary judgment [55] pursuant to Federal Rule of Civil Procedure 56. Plaintiffs have responded in opposition. The Court, having considered the memoranda and submissions of the parties, finds that Defendants' motion should be granted.

I.      Facts and Procedural History

On June 25, 2009, Plaintiffs Patrick Lacey and Sonni Stewart visited Lacey's brother, a resident of Southbrook Garden Apartments, which is managed by Defendant Ledic Management Group, LLC ("Ledic"). During the visit, an argument broke out between unrelated parties in the common area of the apartment complex. When Lacey and Stewart were leaving, both suffered gunshot wounds from stray bullets. Plaintiffs filed suit in state court, and Defendant removed to this Court based on diversity jurisdiction. Defendant's motion for summary judgment is fully briefed, and the Court is prepared to rule.

II.     Summary Judgment Standard

Summary judgment is warranted under Rule 56(c)(2) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails

to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

III.   Analysis

Plaintiffs' case against Ledic is "based on the theory of premises liability and more specifically negligent security." Plaintiffs' Response at 1. The parties agree that Lacey and Stewart were invitees. A premises owner has a "duty to exercise reasonable care to protect an invitee from reasonably foreseeable injury at the hands of another." *Minor Child ex rel. John Doe v. Miss. State Fed'n of Colored Women's Club Hous. for Elderly in Clinton, Inc.*, 941 So. 2d 820, 827 (Miss. Ct. App. 2006); *see also Davis v. Christian Bhd. Homes of Jackson, Miss., Inc.*, 957 So. 2d 390, 401 (Miss. Ct. App. 2007).

Under Mississippi law,

> the criminal acts of a third party may be deemed reasonably foreseeable if the premises owner had cause to anticipate such acts. "Cause to anticipate" may be imputed to the premises owner by virtue of his (1) actual or constructive knowledge of the third party's violent nature, or (2) actual or constructive knowledge that an atmosphere of violence existed on the premises. The overall pattern of criminal activity prior to the event in question that occurred in incite general vicinity of the defendant's business premises, as well as the frequency of criminal activity on the premises are both relevant factors in determining whether an atmosphere of violence exists on the premises.

*Davis*, 957 So. at 401 (citations, quotations, and alterations omitted). Ledic insists that Plaintiffs have failed to show the shooting was reasonably foreseeable.[1]

First, Ledic submits that Plaintiffs have presented no evidence that it knew or should have known of the shooter's violent nature. Plaintiffs argue, without citation to admissible record evidence, that the shooter is a convicted felon with a record of violent criminal acts. Plaintiffs' Response at 3. Even assuming this is true, Plaintiffs produced no evidence that Ledic had actual or constructive notice of the shooter's violent nature.[2] *See Stevens v. Triplett*, 933 So. 2d 983, 985 (Miss. Ct. App. 2005) ("No evidence was produced showing or even suggesting that [the defendant] was even aware that [the assailants] existed, which leads to the inescapable

---

[1] Alternatively, Ledic avers that Plaintiffs' have not shown that Ledic's alleged failure to provide adequate security proximately caused the shooting. The Court need not address this alternative argument.

[2] Plaintiffs submitted a copy of the police department incident report, which includes witness statements, in support of their Response. But as Defendant notes, these witness statements are inadmissible hearsay. "Material that is inadmissible will not be considered on a motion for summary judgment . . . ." *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir.1990). This was the only evidence Plaintiffs submitted.

conclusion that [the plaintiff] failed to prove that [the defendant] had actual or constructive knowledge of [the assailants'] violent nature").

Second, Ledic maintains that Plaintiffs produced no evidence that it knew or should have know of an atmosphere of violence at the complex. Plaintiffs contend, again without evidentiary support, that the altercation which instigated the shooting was a carryover from an earlier argument. Plaintiffs' Response at 3. Even if accurate, Plaintiffs lack evidence that Ledic knew or should have known of the altercation. Moreover, as pointed out by Defendant, both Patrick Lacey and his brother Linell Lacey testified that they considered Southbrook Garden a safe place and had no knowledge of prior instances of violence at the apartment complex. Defendant's Exh. A, B. Simply put, Plaintiffs failed to create an issue of material fact on whether an atmosphere of violence existed. *See Scott v. City of Goodman*, 997 So. 2d 270, 275 (Miss. Ct. App. 2008) (affirming summary judgment and noting the plaintiff had not shown a pattern of criminal activity or frequency of criminal activity "sufficient to establish an atmosphere of violence"); *Stevens*, 933 So. 2d at 986 (affirming summary judgment and noting that "[a] handful of burglaries and assaults, a rape, and a kidnaping" in the neighborhood did not show an atmosphere of violence existed sufficient to put the defendant on notice).

IV.   Conclusion

Based on the foregoing, the Court finds that Defendant's motion for summary judgment should be granted. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 56.

**SO ORDERED AND ADJUDGED** this the 10th day of December, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE